IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TERENCE HIGGINS,               :
                               :
          Plaintiff,           :
                               :
     v.                        :      Civil Action No. 05-58-JJF
                               :
THOMAS CARROLL, DR. ALI, and   :
FIRST CORRECTIONAL MEDICAL,    :
                               :
          Defendants.          :

_____

Terence Higgins, <u>Pro Se</u> Plaintiff.

_____

<u>MEMORANDUM OPINION</u>

November ⅟5, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Plaintiff, Terence Higgins, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, the Court concludes that Plaintiff's Complaint is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $72.84. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds Plaintiff's

_____

[1]These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from

1

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Neal v. Pennsylvania Bd. of Prob. & Parole</u>, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996). <u>Pro</u> <u>se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]
Consequently, a claim is frivolous within the meaning of Section
1915 (e)(2)(B) if it "lacks an arguable basis either in law or in
fact." <u>Id</u>.

## II.  DISCUSSION

By his Complaint, Plaintiff alleges that he suffers from
chronic pain in his knee, which causes him to lose sleep and have
trouble moving.  Prior to incarceration, Plaintiff alleges that
he was receiving treatment for his knee and was informed by a
specialist that he would require surgery.  Plaintiff allegedly
was prescribed a knee brace, anti-inflammatory medication, and
pain killers.  Since he has been incarcerated, Plaintiff alleges
that he has filed several sick slips and grievances and written
letters to the warden, deputy warden, building captain, and
building lieutenant, but that Defendants have failed to
adequately treat him for his pain or condition.

The Court liberally construes Plaintiff's Complaint as
alleging that Defendants have failed to provide adequate medical
treatment, thereby violating Plaintiff's Eighth Amendment right
to be free from cruel and unusual punishment.  To successfully

---

[2]<u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section
1915(e)(2)(B) is the re-designation of the former § 1915(d) under
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable.  <u>See</u> § 804 of the PLRA,
Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

allege a Section 1983 action for failure to provide medical care
in violation of the Eighth Amendment, an inmate must allege
practices that violate "evolving standards of decency."  Estelle
v. Gamble, 429 U.S. 97, 102 (1976).  The defendant's action must
be said to constitute "'an unnecessary and wanton infliction of
pain' or to be 'repugnant to the conscience of mankind.'"  Id. at
105-06.  To meet this standard of "deliberate indifference," the
defendant must know of the inmate's condition and ignore an
extraordinary risk to the inmate's health or safety.  Farmer v.
Brennan, 511 U.S. 825, 837 (1994).  Further, to successfully
bring a Section 1983 action against a private company that
provides medical services to the State, the company's policies
must be the "moving force" behind the constitutional violation,
and the policies must demonstrate deliberate indifference to
those deprived.  Swan v. Daniels, 923 F.Supp. 626, 633 (D. Del.
1995).

Accepting as true the factual allegations in Plaintiff's
Complaint and drawing all reasonable inferences therefrom, the
Court concludes that Plaintiff has stated a claim sufficient to
survive frivolousness screening.  Plaintiff alleges that
Defendants have ignored repeated requests for medical treatment
and have only provided some ibuprofen to Plaintiff.  According to
Plaintiff, he has filed several sick slips and grievances and
written letters to supervisors at the Delaware Correctional

4

Center.   Under these facts, the Court cannot conclude that Plaintiff's Eighth Amendment claim lacks an arguable basis in law or fact.   Therefore, the Court concludes that Plaintiff's claim against Defendants for violation of his Eighth Amendment rights is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

An appropriate Order will be entered.